UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON GARCIA LOPEZ,<br><br>        Petitioner,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>        Respondents. | Case No. CV 10-7929 AG(JC)<br><br>ORDER DISMISSING PETITION CHALLENGING DENIAL OF STAY OF DEPORTATION ORDER WITHOUT PREJUDICE |

On October 21, 2010, Marlon Garcia Lopez ("petitioner") filed a Petition for Writ Habeas Corpus by a Person in Federal Custody ("Petition") in this Court in which he raises a single claim: An Immigration Judge abused her discretion in denying petitioner's motion to stay a February 27, 1996 deportation order which was issued in petitioner's absence ("Motion to Stay"). (Petition at 3). The Petition also asserts that a removal order was issued on April 28, 1997. (Petition at 2). Petitioner apparently filed the Motion to Stay in the Immigration Court in conjunction with a Motion to Reopen which petitioner filed this month.[1] (Petition at 3).

---

[1] The Petition appears to refer to a more precise date of filing but the date is illegible. (Petition at 3). Although petitioner does not expressly so state, the Court infers that the Motion to Reopen remains pending as petitioner does not appear to challenge any ruling by the Immigration Judge on the Motion to Reopen. (Petition at 3).

As this Court is without jurisdiction to consider petitioner's challenge to the Immigration Judge's denial of petitioner's Motion to Stay, the Petition is dismissed without prejudice.

On May 11, 2005, Congress enacted the REAL ID Act (the "Act") which stripped district courts of habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5). Specifically, Section 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Further, Subsection (b)(9) of Section 1252 provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have

1    jurisdiction, by habeas corpus under section 2241 of Title 28, or any
2    other habeas corpus provision, by section 1361 or 1651 of such title,
3    or by any other provision of law (statutory or nonstatutory), to review
4    such an order or such questions of law or fact.

5  The Act made the circuit courts the "sole" judicial body able to review
6  challenges to final orders of deportation, exclusion, or removal.  See
7  Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005).  However, the
8  Act's jurisdiction-stripping provision "does not apply to federal habeas corpus
9  petitions that do not involve final orders of removal."  Nadarajah v. Gonzales, 443
10 F.3d 1069, 1075 (9th Cir. 2006).  "Therefore, in cases that do not involve a final
11 order of removal, federal habeas corpus jurisdiction remains in the district court,
12 and on appeal . . . pursuant to 28 U.S.C. § 2241."  Id. at 1076.
13  In this case, petitioner challenges the Immigration Judge's denial of a stay of
14 execution of the removal order and appears to seek a stay of deportation.
15 However, this Court lacks jurisdiction over such a challenge because the request to
16 halt the execution of such a final order of removal "arise[s] from" an "action" or a
17 "proceeding" brought in connection with petitioner's removal (8 U.S.C.
18 § 1252(b)(9)), or from "the decision or action" to "execute removal orders against"
19 petitioner (8 U.S.C. § 1252(g)).  See, e.g., De Leon v. Napolitano, 2009 WL
20 4823358, *2-*3 (N.D. Cal. Dec. 10, 2009) (district court without jurisdiction to
21 issue order staying execution of removal order); Puamau v. Still, 2005 WL
22 2988733, *2  (N.D. Cal. Nov. 7, 2005) (district court lacks jurisdiction to review
23 petitioner's request for stay of deportation).  Under these circumstances, it appears
24 that the Act vests exclusive jurisdiction in the Ninth Circuit Court of Appeals.  See
25 8 U.S.C. §§ 1252(a)(5), (b)(2).
26 ///
27 ///
28 ///

In sum, this Court finds that it does not have jurisdiction to entertain the Petition. Accordingly, the Petition is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

DATED: October 21, 2010

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE